## THE PEOPLE *v*. HOBSON.

WHERE the Justices composing the Court of Sessions, on motion for new trial— defendant having been convicted of assault with intent to murder—were not the same Justices composing the Court during the trial—one member being different—and this fact appears only by the minutes of the Court, reciting the names of the members thereof, and defendant does not object, on the motion, to the Justice who had not previously taken part in the proceedings: *Held,* that the objection is waived; that it does not go to the power of the new Justice to act, but merely to the propriety of his acting; and that, though it is better for the members of the Court who heard the trial to sit on the motion for new trial, still it is not a statutory right of defendant.

*Held, further,* that the rule laid down in *People* v. *Connor, (infra)* that the same presumptions of regularity attach to proceedings in Courts of Sessions as in District Courts, covers this case; and that the presumption is that a sufficient reason existed for the change in the bench.

If from resignation, or other such cause, one of the Justices of the Court of Sessions, after a trial, should not be able to sit on the motion for new trial, this would not prevent the motion from being passed upon by another Justice acting in the place of the one thus incapacitated.

Cases *might* arise where this point alone, or in connection with other matters, would entitle a party to a new trial, or to a hearing of his motion before the Justices presiding at the trial; but in the absence of a showing of some special cause, this single circumstance is not ground of reversal.

Although the Supreme Court will reverse a judgment in a criminal case where the Court below refuses an instruction asked by defendant, on the ground that the instruction has already in substance been given, without informing the jury that the refusal is for this cause, yet the rule is subject to the qualification that the language of the instruction asked be clear and explicit, and leave no reason for doubt or misconstruction—in short, free from objection.

It is not error to charge the jury on a criminal trial—the defense being insanity— that "the true test of insanity is whether the accused at the time of the commission of the crime was conscious that he was doing what he ought not to do."

Where on trial for assault with intent to murder by shooting with a pistol—the defense being insanity—the defendant, as part of the proofs, "admitted the

People *v.* Hobson.

shooting as charged, and that it was done under circumstances that would have constituted murder if the defense set up is not good," and the Court instructed the jury that if the defendant was not insane at the time of the shooting, they ought to find him guilty as charged in the indictment: *Held,* that the charge was right; that, taking the whole admission together, the Court had a right to assume the facts as therein admitted to be true.

APPEAL from the Sixth District.

Indictment for assault with intent to commit murder. Plea: Not guilty.

It was proved that on a certain morning one Gardiner was standing in a book store in Sacramento, conversing with a friend, when the defendant rushed up without being seen by Gardiner, and shot him in the back with a pistol and then ran off. Defendant's counsel, after this proof, " admitted the shooting as charged, and that it was done under circumstances that would have constituted murder if the defense set up is 'not good." The prosecution rested.

The defense offered proof tending to show great excitement on the part of the defendant just after the shooting, and for several days succeeding; also proof of wild sort of talk months before about a suspected intimacy between his wife and G.

The State rebutted by evidence to the effect that in the morning, just before the shooting, defendant exhibited no unusual appearance. The evidence of insanity was slight.

The facts as to a change in the Justices composing the Court of Sessions are as stated by this Court. The minutes of the trial— which began and ended on the twenty-eighth of January, 1861— recite that the parties announced themselves ready for trial, " The Hon. Robert Robinson, Presiding Judge, and G. W. Cone and J. W. Hodgin, associates, being on the bench," etc.

After the verdict of " guilty, as charged in the indictment," the Court fixed January 31st, 1861, as the day for sentence. Then follows this entry : " On said thirty-first day of January, 1861, the Court was opened. Hon. Robert Robinson, Presiding Judge, and G. W. Cone and James Coggins, Associates," etc. Before the Court thus composed defendant made his motion for a new trial and in arrest of judgment, on the ground: 1st, that the Court misdirected the jury in matter of law, and refused instructions

28

asked by defendant; 2d, because the verdict is contrary to law and evidence.

Motion overruled, defendant excepting, and sentence passed. Defendant appeals.

In addition to the instruction asked and given, as stated in the second point noticed in the opinion of this Court, the Court below charged the jury as follows:

" The defendant is charged in the indictment with an assault with intent to kill and murder one Thomas Gardiner.    The defendant admits the shooting was done under circumstances from which the law would presume the intent to kill and murder ; therefore the crime as charged is made out, unless the defendant has sustained the defense set up by him, which is insanity, and which defense, if sustained by the evidence, is good and valid, and would entitle the defendant to an acquittal.

" The law presumes every man to be of sound mind, and the burthen of proving insanity is on the accused, to excuse the defendant for the shooting.    The jury ought to be satisfied that he was insane at the time the shooting took place.

" The true test of insanity in criminal cases is, whether the accused, at the time of the commission of the crime, was conscious that he was doing what he ought not to do.

" If you have a reasonable doubt as to the sanity of the defendant at the time of the shooting, founded upon the testimony in the case, then the defendant is entitled to the benefit of the doubt, and should be acquitted.

" If the defendant was not insane at the time of the shooting, then you ought to find him guilty, as charged in the indictment."

*Heydenfeldt*, for Appellant.

I.    The proceedings were irregular in the fact that the motion for new trial was heard by a Court composed of different members from those who tried the case.    The error goes to the validity of the judgment, which was rendered by a Court without jurisdiction.

II.    The Court erred in refusing the first instruction asked by the defense.    The proposition placed the case upon a distinct and special ground of insanity, which is legitimately available in defense.

People v. Hobson.

III. The Court erred in charging the jury that: "The true test of insanity in criminal cases is whether the accused at the time of the commission of the crime was conscious that he was doing what he ought not to do." (Taylor's Medical Jurisp. 635, 636, 637, 638.)

IV. The Court erred in charging that the law presumes all persons to be sane; and further, that: 'If the defendant was not insane at the time of shooting, they ought to find him guilty, as charged in the indictment.' It precluded the jury from finding a verdict for a lesser offense. (*People* v. *McCann*, 16 N. Y. 58.)

V. There is no conflict of evidence, and the testimony does not support the verdict.

*Long & Hereford*, also for Appellant.

*Thos. H. Williams, Attorney General*, for Respondent.

I. The fact that one of the members of the Court of Sessions, when the motion for new trial was passed on, did not hear any part of the evidence was improper, but not unlawful, and hence the judgment will not be reversed for this cause.

Sec. 8, art. 6, of the Constitution declared that "the County Judge, with two Justices of the Peace, to be designated according to law, shall hold Courts of Sessions with such criminal jurisdiction as the Legislature shall prescribe," etc.

The *law* (Wood's Dig. 152) prescribes the time and mode of electing associates, and says that if at any time the justices, or either of them, be absent, or their or his office becomes vacant from any cause, the County Judge shall supply the vacancy or deficiency for the term by designating the requisite member to form the Court from the Justices of the Peace of the county.

During the trial, Hodgin was present as an associate, and upon the hearing of the motion for new trial he was absent, and his place was filled by Coggins.

Upon this state of facts the law presumes that Hodgin was the regularly elected associate, but that in consequence of a vacancy in his office, or some other proper cause, his connection with the Court ceased, and the County Judge called Coggins, a Justice of the-

People *v.* Hobson.

Peace of the county, to fill the vacancy, or supply the deficiency, for the *remainder of the term.* (*People* v. *Barbour,* 9 Cal. 234, and my brief in the same case, 231–233 ; *People* v. *Connor* ; *People* v. *Mulhare,* and other cases *infra.*)

The question involved admits of but little argument on either side. To sustain the judgment, it is only incumbent upon me to show that the Court was organized as authorized by law, and that the law is in conformity with the Constitution. I conceive both propositions self evident. It is unnecessary to discuss the propriety or policy of the law referred to. I admit that if my view of it is maintained, hardships may grow out of it ; but on the other hand, if the reverse is held to be the law, great expense, trouble and inconvenience to all parties must frequently ensue.

Justices of the Peace are only elected for one year. If every case which is not completed before the happening of a vacancy upon the bench must be tried anew, the consequences of which I have spoken must ensue, and in many cases without in the least forwarding the ends of justice.

II. As to the instruction asked by defendant and refused, there is no error, because the instruction was vague, indefinite, and could only confuse the jury.

III. The instruction as to the test of insanity was correct. (*Wharton's Cr. Law,* 43–46.)

IV. The instruction that, if defendant was not insane at the time of shooting, then he should be found guilty, as charged, was right when taken in connection with the preceding part of the charge, and with the admission of defendant on the trial.

*N. Greene Curtis,* also for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The defendant was convicted of an assault with intent to murder.

I. The first error assigned is, that the proceedings were irregular in this : that the motion for a new trial was passed on by a Court composed of different members from those before whom the trial was had. This fact only appears by the minutes, in which the

People *v.* Hobson.

names of the Justices composing the Court on the motion and in the previous stages of the trial are recited. No objection to the hearing of the motion by the Justices then present and acting was made by the prisoner.

We intimated in a previous case the danger of a reversal of a judgment of conviction for this cause, though no express decision was made upon the point. The question has been more fully argued. We think under the circumstances here, that the defendant cannot maintain the error assigned. His failure to object to the Justice not sitting before, was itself a waiver of exception for this cause. The objection does not go to the power of the Justice to act, but is merely in the light of an exception to him because it was more proper that the Justice who sat during the trial, and who, therefore, may be supposed to be better acquainted with the history of the case, should pass upon the final motion which involved a review of the previous proceedings. If the defendant was willing that the Justice should sit, he should not be allowed the double advantage of trying his motion before him, and of appealing from the decision if adverse, and also the advantage of contesting the propriety of his sitting. Besides, we think that the rule we have recently laid down in *People* v. *Connor*, and other cases, covers this assignment. We there held that the proceedings of the Court of Sessions were to be construed like those of the District Court, and that the same presumptions attach to them as to those of the District Court. If, from resignation or other such cause, one of the Justices after a trial should not be able to sit on the motion for a new trial, unquestionably this would not prevent the matter from being passed upon by another Justice acting in the place of the one thus incapacitated. We must presume that a sufficient reason existed to justify this change in the Bench—in other words, that the Court acted properly in the premises, when nothing is shown to the contrary. These remarks are made upon the assumption that the point, in the absence of these matters of explanation, is well taken. But upon a reconsideration of the subject we are not disposed so to hold. We think that the ends of justice might generally be better subserved if all the members of the Court who heard the case on the trial should sit on the motion for a new trial; but this

People *v.* Hobson.

is not a statutory right or obligation ; and it would be going too far if we were to avoid the action of a Court legally constituted, and having full jurisdiction of the subject, merely upon the suggestion that it was not so constituted as to the particular members as more probably to insure an intelligent and satisfactory decision.   Cases might arise where this point alone, or in connection with other matters, would entitle a party to a new trial, or to a hearing of his motion before the Justices presiding on the trial ; but in the absence of a showing of some special cause, we think this single circumstance does not constitute a ground of reversal of the judgment.

II.   The next point is, that the Court erred in refusing an instruction in these words : " If the defendant believed that Gardiner had seduced his wife, and such belief was the result of the deprivation of the reasoning faculties, and also believed that he would be justified in shooting Gardiner, he is entitled to such a verdict as will transfer him from the category of sane to insane criminals."

The Court instructed very favorably for the accused, even to the extent of charging them " that if the jury have a reasonable doubt from the evidence as to whether the defendant, at the time of the shooting, was acting under such an insane impulse that for the time deprived him of his reason, so that he did not know right from wrong, they will acquit."   While we have held that the refusal of a Court to give a proper instruction is error, notwithstanding the Court has charged the same proposition in substance, unless it informs the jury that the refusal is for this cause, yet we have also held that the instruction so asked must be free from objection.   It must not be ambiguous or obscure, or calculated to mislead or confuse the jury.   We think this instruction is of that character.   The jury are not supposed to be lawyers ; and they may very well have been puzzled to know what sort of " a verdict would transfer a prisoner from the category of sane to insane criminals."   To justify us in reversing a judgment because an instruction, given already in substance, has not been repeated, the language of it should be clear and explicit, and leave no room for doubt or misconstruction.

III.   The third assignment is, that the Court erred in charging the jury, " that the true test of insanity is, whether the accused at

the time of the commission of the crime was conscious that he was doing what he ought not to do."

We see no error in this charge. It is supported by many authorities, and we think it is correct in principle. They are collected in Wharton's Cr. Law, 43 to 46.

It is further assigned for error that the Court instructed the jury, if the defendant was not insane at the time of the shooting, they ought to find him guilty as charged in the indictment. The objection is, that this charge precluded the jury from finding a verdict for a lesser offense than that in the indictment. But the charge must be taken in connection with the facts. It is stated in the bill of exceptions, " that the defendant admitted the shooting as charged, and that it was done under circumstances that would have constituted murder if the defense set up is not good." The admission seems to have been made on the trial, and as part of the proofs. Taking the whole admission together, we see no difficulty in interpreting its meaning; and we think it clear that the Court had a right to assume the facts as therein admitted to be true. The charge, therefore, is unexceptionable.

The last exception is, that the facts do not warrant the verdict. But we cannot give conclusive effect to the circumstantial matter set up here as evidence of insanity.

Judgment affirmed.