[Crim. No. 3278. Second Appellate District, Division One.—April 15, 1940.]

THE PEOPLE, Respondent, v. RICHARD C. K. VON BENSON, Appellant.

Morris Lavine for Appellant.·

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WHITE, J.—This cause is now before this court for the second time. Upon the former hearing we reversed the order denying defendant's motion for a new trial and remanded the cause for further proceedings in accordance with the views expressed in our decision. (Cal. App.) [99 Pac. (2d) 295]. No application was made to us for a rehearing, but within the prescribed time respondent filed with the Supreme Court

a petition for hearing therein. Such petition was granted, and thereafter the Supreme Court entered its order transferring the cause to this court for hearing and determination.

At the former hearing in this court we were advised by the briefs of both appellant and the attorney-general that the procedural situation set forth in our opinion occurred in the trial court upon hearing of a motion for a new trial. Later, it was asserted by the attorney-general in his petition for hearing in the Supreme Court that the factual situation in question occurred in connection with the hearing on defendant's application for probation, and not in connection with his motion for a new trial. Examination by us of the record shows the last-named claim to be well founded, as we shall more particularly point out when we consider the grounds urged by appellant for a reversal of the order denying his motion for a new trial.

An information filed by the district attorney of Los Angeles County charged the defendant in counts 1 and 3 with a violation of section 288a of the Penal Code, while count 2 alleged the commission by him of certain acts denounced by section 288 of the Penal Code. Trial by the court sitting without a jury resulted in conviction of the defendant on counts 1 and 2 and his acquittal of the offense charged in count 3. A motion for a new trial was granted as to count 1, which was subsequently dismissed, and a like motion was denied as to count 2, whereupon the court pronounced judgment against the defendant on count 2, from which judgment he prosecutes this appeal.

It is urged that the evidence in this case is insufficient to support the judge's decision, in that the testimony of the two young men who testified in connection with the offenses charged in count 2 is unsubstantial, vague, indefinite, uncertain and contradictory.

Setting forth the testimony most favorable to the prosecution, as we are required to do following a guilty verdict or decision, we find in the record testimony that one of the complainants, a boy 13 years old at the time of the trial, was acquainted with appellant; that the former was engaged in the occupation of shining shoes; that he first saw appellant on or about February 23, 1939, near the vicinity of Eighty-second and San Pedro Streets, in the city of Los Angeles.

That on that date his cousin, another young man, 16 years of age, was with him in the late afternoon. Both of them were engaged in shining shoes. This witness further testified that his cousin first talked to appellant and then came back and talked to the witness; that shortly thereafter the witness and his cousin went with appellant into an alley, the latter proceeding up the alley a short distance with appellant, while the witness remained behind, finally returning to where the witness was waiting for them. On their return to where the witness was, he went with appellant up the alley between a house and a garage; that upon arriving at this location appellant committed upon and with the person of the witness an offense denounced by sections 288 and 288a of the Penal Code. It is unnecessary to here recite the sordid details. The testimony given by the cousin of the witness was substantially the same as that of the latter, except that the former testified to the acts committed upon him by appellant; and while he testified that he saw the first witness and appellant between the house and the garage, he could not see what they were doing.

The mere fact that this evidence was contradicted by other testimony in the case is not ground for a reversal. No principle is more firmly grounded in our law than that which precludes an appellate court from reversing a judgment for insufficiency of the evidence when there is in the record evidence of sufficient substantiality which, if believed by the trier of fact, would warrant a conviction. For a comprehensive discussion of the limitations surrounding an appellate tribunal on questions of this kind see *People* v. *Haydon,* 18 Cal. App. 543 [123 Pac. 1102]. While it is true that appellant himself testified and denied the accusatory evidence of the prosecution's witnesses, it is a well-established principle of law in this state that although the defendant's own story and that of witnesses, if any, presented in his behalf exculpates him, it is for the jury, or as in the instant case where a jury was waived for the judge, to say whether the defendant's story and those of his witnesses should be believed. (*People* v. *Rongo,* 169 Cal. 71 [145 Pac. 1017]; *People* v. *Sears,* 119 Cal. 267 [51 Pac. 325]; *People* v. *Billings,* 34 Cal. App. 549 [168 Pac. 396]; *People* v. *Stephens,* 29 Cal. App. 616 [157 Pac. 570].) In the instant case the decision of the trial judge indicates that he did not believe the appellant's

story in denial of what was said by the People's witness. Even though we were to concede that a mere reading of the record in the case might leave one in some doubt on the question of the defendant's guilt, there is certainly enough in the evidence to sustain the conclusion of the trial judge, who saw and heard the various witnesses, and who was in a much better position to determine the truth than a court that does not possess such an advantage.

■ With reference to the claim that the testimony of the complainant was without corroboration, it need only be said that corroboration is not required in a prosecution for a violation of section 288 of the Penal Code, for the reason that the complaining witness is not liable to prosecution for the identical offense which is set forth in that section. (*People* v. *Troutman,* 187 Cal. 313 [201 Pac. 928]; *People* v. *Chaddock,* 2 Cal. App. (2d) 643 [38 Pac. (2d) 473]; *People* v. *Spillard,* 15 Cal. App. (2d) 649 [59 Pac. (2d) 887].)

■ We come now to a consideration of appellant's claim that "the court erred in denying defendant the right to have the same judge pass on the motion for a new trial as heard the evidence in the case, and in having a substituted judge pass on the motion without complete knowledge of all the facts, testimony and demeanor of the witnesses". Appellant's contention in this regard is devoid of merit. Recourse by us to the record shows that on August 15, 1939, the cause was argued and submitted to Judge Dockweiler, who had tried the case, and defendant was found guilty of the offenses charged in counts 1 and 2 and not guilty of the offense charged in count 3 of the information. At that time defendant waived time for sentence and orally applied for probation. The matter of passing on such application for probation and the pronouncing of judgment and sentence was set for August 24th, on which latter date a continuance was taken to August 31st. Up to this time no motion for a new trial had been made. Accordingly, on August 31st, the matter was called for hearing on the application for probation and for the pronouncing of judgment and sentence. Upon this occasion Judge Swain was presiding. When the matter was called the following proceedings took place:

"Mr. Gleason (Defendant's Counsel): This matter was heard before Judge Dockweiler without a jury, and being

familiar with the facts I am wondering if it would not be advisable that he pass on the matter.

"The Court: Judge Dockweiler asked me to handle this. I asked him to handle all matters that were heard before him and thought he was going to do so, but something came up which made it impossible for him to be here and he made a special request that I handle all matters on his calendar this morning, including those where trials were had before him.

"Mr. Gleason: I was not making that request in criticism. Perhaps it would be admissible that your Honor become familiar with the facts as developed in the trial.

"The Court: I have read the probation officer's report.

"Mr. Gleason: Yes, but that is not sufficient. I would be willing that this matter be placed at the foot of the calendar, so that I may have more time to present this matter to your Honor.

"The Court: I would be glad to hear what you have to say. I don't want an extended speech, and I don't want you to cover what is already in the report, but anything unusual, I will be glad to hear it.

"Mr. Gleason: The report is what the boys told the probation officer when he was there, but I am referring to the evidence in the case. I don't believe the report goes into that.

"The Court: No doubt some of the same evidence was introduced at the trial. I am willing to hear what you have to say.

"Mr. Gleason: There were only two witnesses on behalf of the People.

"The Court: Don't argue that the defendant is not guilty because that is a settled matter. Judge Dockweiler found the defendant guilty."

At this point defendant's counsel presented an argument with reference to the insufficiency of the evidence to support the conviction, concluding that argument with the following statement:

"Since the court dismissed count three which involved the other boy, the White boy, the court dismissed that count because there was not any corroboration, and the other two counts involved, I believe, another boy, and there is only one offense committed, and certainly there could not be a

conviction on both counts if there was only one offense committed.''

We then find in the record the following:

"The Court: What does the District Attorney say about that point?

"Mr. Blalock (Deputy District Attorney) : I did not try the case.

"The Court: He may be convicted of 288 and 288a for the same act—yes, for the same act.

"Mr. Blalock: I think the matter could be taken care of by your Honor in the matter of sentence.

"The Court: Of course, there may be some additional evidence that shows he may be guilty of both of them.

"Mr. Blalock: Yes, but I think any doubt could be resolved in the defendant's favor in the sentence.

"The Court: I would be willing to dismiss count one and sentence on count two.

"Mr. Blalock: No objection, your Honor.

"Mr. Gleason: There is no objection on our part.

"The Court: I am not sure there is any error, but it is possible there is. It is conceivable that there could be a violation of both sections and therefore make the conviction perfectly proper on both counts, but I have no disposition to sentence on the two counts when it is essentially the one act. I think possibly, for the purpose of the record if you make a motion for a new trial it will give me authority.

"Mr. Blalock: I move to dismiss count one.

"The Court: In the interest of justice, and on motion of the District Attorney, count one is dismissed."

Defendant's counsel then made a plea to the court to grant probation on condition the defendant leave the State of California. It should be noted that up to this time no motion for a new trial had been interposed. At this juncture the following proceedings took place:

"Mr. Blalock: If your Honor please, upon reconsidering, I don't believe that I had authority to move to dismiss.

"The Court: Let's back up and do it right. If you want to, you can make a motion for a new trial.

"Mr. Gleason: At this time the defendant makes a motion for a new trial on all the grounds prescribed in the statute.

"The Court: The motion for a new trial is granted as to count one and denied as to count two.

"Mr. Blalock: Now, I move to dismiss count one.

"The Court: The motion is granted. The application for probation is denied."

From a reading of the foregoing it is at once apparent that at no time was appellant's counsel presenting an argument in favor of the granting of a motion for a new trial, because during all of his argument no motion for a new trial had been made until after counsel had suggested to the court that the offenses of which defendant had been found guilty embraced but one act, and might not, therefore, be the subject of a conviction for the commission of two crimes. Thereupon the court suggested that a motion for a new trial be made on behalf of the defendant. The motion was then made and the same was granted as to count 1 and denied as to count 2. Never at any time after the motion for a new trial was made did appellant's counsel request permission to argue the same, nor did the court refuse to permit argument thereon. Obviously no substantial right of appellant was violated, nor was he at any time foreclosed from presenting any argument in support of his motion for a new trial. The motion was not predicated upon insufficiency of the evidence except in so far as appellant contended that the evidence was insufficient to sustain the convictions on both counts, and with that claim of appellant the court agreed and granted the motion as to one of the challenged counts.

 Appellant's contention that he was denied his legal right to show cause why judgment should not be pronounced against him cannot be sustained. Appellant's only contention at the time he was arraigned for judgment and consideration of his application for probation—and this contention was made prior to the making of a motion for a new trial—was that the evidence was insufficient to sustain a conviction on both counts 1 and 2 for the reasons hereinbefore set forth. As heretofore pointed out, in this contention appellant was sustained. Thereafter the court asked appellant, "Is there any legal cause to show why sentence should not be pronounced at this time?" to which appellant's counsel answered, "No legal cause, your Honor."

The condition of the record in this case, as narrated above, makes it unnecessary to discuss or decide the right of a de-

fendant in a criminal case to have the judge who presided at the trial hear and determine the motion for a new trial.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 24, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1940.