[Crim. No. 5152. Second Dist., Div. Three. Nov. 4, 1954.]

THE PEOPLE, Respondent, v. MARTIN TOKICH, Appellant.

Edward S. Cooper for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was charged with the unlawful possession of a preparation of heroin in violation of section 11500 of the Health and Safety Code. He waived a trial by jury and was tried by Judge Walter R. Evans. On stipulation the cause was submitted to Judge Evans on the transcript of the preliminary examination, each side reserving the right to introduce additional evidence. No additional evidence was introduced. On September 23, 1953, Judge Evans, sitting in Department 41 of the Superior Court of Los Angeles County, having read the transcript of the preliminary examination, found defendant guilty as charged. Defendant then filed an application for probation. The pronouncing of judgment and the hearing of the application for probation were regularly fixed for October 21, 1953, in the the same department.

On October 21, 1953, Judge Mildred L. Lillie was sitting in Department 41. When the cause was called defendant's counsel made a motion for a new trial, addressed to Judge Lillie, and submitted it without argument. The following proceedings were then had: "THE COURT: . . . Having set this date for hearing on the probation officer's report and for

pronouncement of judgment and sentence, is there any legal cause why judgment should not now be pronounced? MR. BERNAY [attorney for defendant]: No legal cause, except for the fact at this time it is the desire of the defendant to make a motion for a new trial based upon all the statutory grounds. It is submitted without argument. THE COURT: I don't believe I heard the case, Mr. Bernay, so I can't pass on the motion for a new trial. MR. BERNAY: My memory doesn't serve me at this moment. Whether it does on the jacket—— THE COURT: Judge Evans. MR. BERNAY: It was submitted before Judge Evans. I feel that in the interest of my client I must make a motion. You appreciate the reasons. THE COURT: I think you may be right. I heard this on September 8th. MR. BERNAY: I think your Honor did. THE COURT: I have no independent recollection of the case, Mr. Bernay. MR. BERNAY: Would your Honor continue the motion and sentence until perhaps 10:30 or 11:00 o'clock this morning? THE COURT: I will continue it until 11:00 o'clock this morning to give me the opportunity of reading the transcript. MR. BERNAY: Your Honor appreciates the reason for the motion, to protect the defendant's rights here. THE COURT: This short continuance is granted only for the purpose of permitting the Court to look over the transcript. It will be continued until 11:00 o'clock." At "11:00 o'clock" Judge Lillie denied the motion for a new trial and pronounced judgment sentencing defendant to state prison. Defendant appeals from the judgment and sentence and from the order denying his motion for a new trial.

▇ Defendant contends it was prejudicial error for a judge who did not preside at the trial to hear and determine his motion for a new trial. He relies on section 661 of the Code of Civil Procedure which provides that the motion for a new trial shall be heard and determined by the judge who presided at the trial with certain provisos. Section 661 governs civil actions and proceedings. It is found in part 2, title VIII, of the Code of Civil Procedure which treats of "Trial and Judgment in Civil Actions." It does not govern proceedings on a motion for a new trial in a criminal action. There is no counterpart of section 661 in the Penal Code.

▇ The judge who presided at the trial should, of course, hear and determine the motion for a new trial. The ends of justice would generally thus be better served. It is not necessary that we determine in the case at bar whether it would be prejudicial error for a judge other than the one

who presided at the trial to hear and determine a motion for a new trial over objection of the defendant in a case in which the judge who presided at the trial is available to hear and determine the motion. Defendant acquiesced in the hearing of the motion and the pronouncement of judgment by Judge Lillie. He waived any right he had to complain. In *People* v. *Hobson,* 17 Cal. 424, a criminal action, three judges presided at the trial. The defendant was found guilty. Two of the judges who presided at the trial and a third judge who had not done so heard and determined the defendant's motion for a new trial. The defendant did not object to the hearing of the motion by the judges then present and acting. On appeal error was assigned because the motion was passed on by a court composed of different members from those before whom the trial was had. The court held (p. 429) : ''we think under the circumstances here, that the defendant cannot maintain the error assigned. His failure to object to the Justice not sitting before, was itself a waiver of exception for this cause. The objection does not go to the power of the Justice to act, but is merely in the light of an exception to him because it was more proper that the Justice who sat during the trial, and who, therefore, may be supposed to be better acquainted with the history of the case, should pass upon the final motion which involved a review of the previous proceedings. If the defendant was willing that the Justice should sit, he should not be allowed the double advantage of trying his motion before him, and of appealing from the decision if adverse, and also the advantage of contesting the propriety of his sitting. Besides, we think that the rule we have recently laid down in *People* v. *Connor, ante,* 354 [17 Cal.], and other cases, covers this assignment. We there held that the proceedings of the Court of Sessions were to be construed like those of the District Court, and that the same presumptions attach to them as to those of the district court. If, from resignation or other such cause, one of the Justices after a trial should not be able to sit on the motion for a new trial, unquestionably this would not prevent the matter from being passed upon by another Justice acting in the place of the one thus incapacitated. We must presume that a sufficient reason existed to justify this change in the Bench— in other words, that the Court acted properly in the premises, when nothing is shown to the contrary.'' (See also *People* v. *Von Benson,* 38 Cal.App.2d 431, 435-439 [101 P.2d 527]; *People* v. *Lichtenstein,* 22 Cal.App. 592, 609-614 [135 P. 692].)

After deliberately consenting to the hearing of the motion by Judge Lillie and losing, defendant will not be permitted to repudiate the proceedings and avail himself of a possible more favorable result on a second hearing. Before passing on the motion, Judge Lillie read the transcript of the preliminary examination, and presumably was equipped to make a judicious and just determination of the motion.

■ Respondent suggests that the appeal from the sentence should be dismissed, asserting that an appeal from a sentence does not lie. The cases are legion which say that an appeal does not lie from a sentence and that an appeal therefrom should be dismissed. We are of the opinion that such statements are erroneous. (See the able article "*A Judgment in a Sentence,*" by Judge Edward T. Bishop, of the Appellate Department of the Superior Court of Los Angeles County in 29 Journal of the State Bar of California, 111.) The sentence in a criminal action is the judgment, and an appeal lies from the judgment.

The judgment of conviction and sentence and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 19, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 3, 1954. Schauer, J., was of the opinion that the petition should be granted.