BISHOP, P. J.
The defendant, having pleaded guilty to 12 counts charging as many violations of section 212 of the Labor Code, was sentenced to a dozen terms in jail. He has appealed from the judgment and sentence, contending that section 212 is unconstitutional and that for various reasons, each count falls short of stating a public offense. We are persuaded that neither contention has any merit.
Section 212 reads:
“No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
“ (a) [Requisites: Sufficiency of funds for payment.] Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the State, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 *885 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.
“(b) [Instruments redeemable in merchandise.] Any script, coupon, cards, or other thing redeemable, in merchan-' dise or purporting to be payable or redeemable otherwise than in money.
“[Protest or dishonor.] Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.”
The several counts are identical save for the dates alleged and the names of the persons whose wages were involved, so, for our purposes, it is sufficient to have before us, as illustrative, the charging words of count I, which were that the defendant “did wilfully and unlawfully in the City of Los Angeles, issue to Humberto Munoz in payment of wages due and to become due, and as an advance on wages to be earned, an order, check, draft, note, memorandum and other acknowledgment of indebtedness which was not them and there negotiable and payable in cash on demand, without discount, at some established place of business in the State of California, and in which at the time of the issuance thereof, and for at least thirty (30) days thereafter, the maker and drawer thereof had sufficient funds or credit, arrangement or understanding with the drawee, for the payment thereof, and having on the said instrument the name and address of the established place of business whereat said order, cheek, draft, note, memorandum and other acknowledgment of indebtedness was payable.”
Hereafter, in this opinion, except where need for a more particular expression of thought is required, we shall use the word “instrument” as a substitute for “order, check,’’ etc.
It is rather obvious that the Legislature did not use the word “drawee” in its technical sense, where it appears at the end of section 212 and before that near the close of subdivision (a). Plainly it is not correctly used with reference to the maker of a note, and unless the word is given a general and not a technical meaning, it does not serve the unmistakable purpose of the section, which is to require that any instrument used in the immediate place of money to pay wages, shall be readily converted into money at an established *886 place of business, prepared to pay over the money on demand of the holder of the instrument. It is fair to sum up the provisions of the section as forbidding a person to issue in payment of wages an instrument that is not (1) negotiable, (2) payable in cash, (3) on demand, (4) without discount, (5) at an established place of business in the State, (6) the name and address of which appears on the instrument, and (7) which place of business has been prepared, by the deposit of funds, the establishment of credit, or by some arrangement or understanding, to pay the money called for by the instrument.
If any one of the seven requirements is missing, the issuance of the instrument is in violation of the section, and a violation is, by virtue of section 215, of the Labor Code, a misdemeanor. In charging a violation it would, of course, be fairer to a defendant not to use the shotgun method of pleading, but to point the particular or particulars in which it is claimed that the instrument fails to measure up to the requirements of the section. The complaint before us, we note, does not call attention to any particular shortcoming, but lists all seven of the requirements conjunctively, with the prefatory statement that the instrument issued did “not then and there” meet the requirements. A defendant who pleads guilty to such a complaint, which states a public offense, without attacking it hy a demurrer, is in no position to complain that his precise offense is not pinpointed.
 The appealing defendant contends either that knowledge that he has not provided funds for the payment of the instrument is a requirement of the section, in which event the complaint is faulty because it contained no allegation that he had that knowledge, or the section is invalid because it, in effect, provides imprisonment for debt. The only basis for his first position is the presumption declared in the concluding paragraph of the section. We do not find in the declaration of the presumption any intention that the provisions of subdivision (a), respecting the sufficiency of funds at the established place of business, shall not be required unless the issuer of the instrument knew that sufficient funds were not on hand. Knowledge is not required by the wording of subdivision (a), and whatever the purpose of the presumption, its appearance in the concluding paragraph does not suffice to write it into the earlier passage, where it does not appear.
*887 Nor do we entertain any doubt that even though knowledge of insufficient funds in the hands of the “drawee” is not required, the section is constitutional. It is to be noted that it does not purport to inflict punishment for failure to pay wages, but for undertaking to pay them by the issuance of some instrument. One who chooses to make use of an instrument instead of cash, may constitutionally be charged with first knowing that the instrument he issues conforms to the requirements of the code, and his ignorance of the fact that if funds are needed, they are insufficient, is not made an excuse by the section nor required by any constitutional principle.
We have considered defendant’s further attacks upon the complaint and find none to be a valid ground for a reversal, and none to justify comment lengthening this opinion. The judgment and sentence [see People v. Tokich (1954), 128 Cal.App.2d 515, 519 [275 P.2d 816, 818] ; People v. Ramirez (1956), 143 Cal.App.2d 554, 555 [300 P.2d 106, 109]] are affirmed.
Kauffman, J., concurred.