[Crim. No. 8856. Second Dist., Div. Four. Aug. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JERRY F. BANHAM, Defendant and Appellant.

Paul Augustine, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant had previously been convicted of robbery in the first degree; probation was granted. Thereafter, and while the probationary period was running, defendant was charged with another offense of robbery in the first degree. After a trial to a jury, he was convicted of robbery in the second degree; the court duly sentenced him to prison on this charge and found him to be in violation of the terms of his probation, revoked probation and sentenced him to prison on the first charge, directing the two sentences to run concurrently. Defendant has appealed from the judgments in both cases.

Although defendant was represented by counsel of his own choosing at the trial, on appeal he made a showing of in-

digency and, at his request, we appointed counsel to act in his behalf. As required by the order of appointment, the court-appointed counsel has filed with us a full statement of the facts of the case, the issues potentially involved on appeal, and his conclusion that there is not ''one ground on appeal in behalf of appellant having the slightest possible merit.''

In the state of the case, the Attorney General moved to dismiss the appeal as frivolous. We denied the motion, indicating that, under the circumstances here present, we preferred to dispose of the appeal on its merits.

█ Our own examination of the record fully supports the conclusion of court-appointed counsel. The alleged victim positively identified defendant as the man who, being given a ''lift'' in the victim's automobile, prodded him with what the victim thought was a knife and demanded and obtained the contents of his wallet. The defense was an alibi and a claim that the charge was a fabrication caused by the disruption of a friendship between defendant and the victim. Defendant was ably represented by counsel of his own choice, and the jury was fully and accurately instructed on all issues of law involved. The jury believed the victim and not the defendant, but (apparently because the victim only felt and did not see the knife) gave defendant the benefit of the doubt as to degree. The determination of credibility was for the jury which found him guilty. That determination was endorsed by the trial judge in denying a motion for a new trial.

█ The appeal from the judgment in the first case is even more without merit. Apart from the well-settled power of the trial court to revoke probation on the entry of a conviction on a new charge, whether or not that conviction is final, the testimony presented by defendant as to his mode of life, set forth as a background for his defense, would itself have more than justified a revocation of probation.

The judgments are affirmed.

Burke, P. J., and Jefferson, J., concurred.