[Crim. No. 9190.    Second Dist., Div. Four.    Oct. 31, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. FRED WHITE, Defendant and Appellant.

Fred White, in pro. per., and B. W. Minsky, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was indicted for a violation of section 11501 of the Health and Safety Code (sale of narcotics); two prior felony convictions were alleged in the indictment. After a mistrial was declared, defendant was again brought to trial before a jury, which returned a verdict of conviction. Defendant admitted one of the alleged priors and the allegation as to the second was stricken. A motion for new trial was denied, probation was denied and defendant was sentenced to prison for the term prescribed by law.

Defendant was represented in the trial court by the public defender; he appealed in propria persona and, at his request, we appointed counsel for him in this court. Appointed counsel has filed a brief, setting out the evidence in the case, the proceedings below, and the points urged by defendant and developed by such counsel. His brief concludes with the opinion that, in the light of the record and certain authorities hereinafter considered, the appeal has no legal merit. In this state of the case, the Attorney General moved to dismiss the appeal as "sham, frivolous and lacking in appellate objective." As we have done in similar cases,[1] we denied the

[1]*People* v. *Banham* (1963) 219 Cal.App.2d 142 [32 Cal.Rptr. 817]; *People* v. *McLerran*, 220 Cal.App.2d 391 [33 Cal.Rptr. 731], decided September 18, 1963,

motion to dismiss, indicating that we preferred to consider the case and dispose of it on the merits and in the light of our own examination of the transcripts and the authorities.

After such consideration, we have concluded that the judgment must be affirmed.

## I

There is clearly no merit in the contention that the verdict was not supported by the evidence. The police officer involved unqualifiedly identified defendant as the person who had approached him, offered to sell narcotics and, on acceptance of the offer, led the officer to the place where three capsules of heroin were concealed and there exchanged the narcotics for the agreed price. Defendant denied the transaction, saying he had never met the officer and ''thought'' he had been in county jail on the date involved. The jury believed the officer; the verdict was proper.

## II

Defendant complained in the trial court, on his motion for new trial, and here, that on rebuttal, the prosecutor exhibited, in the presence of the jury, a ''mug'' shot of defendant. Objection was promptly made, the picture was excluded, and no testimony concerning it was offered or received. It is not clear from the record that any juryman actually saw the picture or realized its nature. Defendant's criminal record being already properly before the jury, the fact that a ''mug'' shot of him existed could not further have affected his reputation. The trial judge, whose opportunity to evaluate the event was better than ours, found no prejudice; we concur.

## III

The major point raised by counsel is that the motion for new trial and the application for probation were heard and decided by a judge other than the one who presided over the trial, with no showing that the first judge was unavailable to pass on these matters. No objection was made to the procedure and it is well settled that, where no objection has been made, no reversible error is committed by the use of a second judge. (*People* v. *Hobson* (1861) 17 Cal. 424; *People* v. *Norton* (1956) 141 Cal.App.2d 790 [297 P.2d 439]; *People* v. *Tokich* (1954) 128 Cal.App.2d 515 [275 P.2d 816]; *People* v. *Von Benson* (1940) 38 Cal.App.2d 431 [101 P.2d 527].) Under these authorities, the practice complained of was not

error.[2]

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied November 29, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1963.

---

[2]In deciding this case, as we must, on the authority of the cases cited, we do not indicate approval of the practice here followed. We are not unmindful of the administrative problems presented; but the importance, not only to the individual defendants but to society itself, of effective disposition of motions for new trials and applications for probation should induce the use of the original trial judge whenever possible. In passing on these matters, a judge has both the power and the duty to make his own evaluation of the evidence, of events at the trial, and of the defendant's character. Clearly, no reading of a transcript can enable a judge to discharge this function as well as would his personal observations. As early as 1861, the Supreme Court said: ''... it was more proper that the Justice who sat during the trial, and who, therefore, may be supposed to be better acquainted with the history of the case, should pass upon the final motion which involved a review of the previous proceedings.'' (*People* v. *Hobson* (1861) 17 Cal. 424, 429.) And in *People* v. *Tokich* (1954) 128 Cal.App.2d 515, 517 [275 P.2d 826], the court, in passing on this same point, said: ''The judge who presided at the trial should, of course, hear and determine the motion for a new trial. The ends of justice would generally thus be better served.''