[Crim. No. 6217. Second Dist., Div. Three. Oct. 24, 1958.]

THE PEOPLE, Respondent, v. RAYMOND D. SMITH, Appellant.

Raymond D. Smith, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted by a jury of having forged and uttered a check for $500, and sentenced to state prison. He appeals from the judgment and sentence.

On August 13, 1957, defendant presented to Marilyn Kowalski, a teller at Lynwood Branch of Bank of America, a deposit slip and a check. The deposit slip was made to the account of "Georgia P. Smith" for "500 less 300." On the face of the deposit slip there appeared the signature "Reynold P. Smith" and under it, stamped thereon, "Signature of Depositor." The check, drawn on First State Bank of Lynwood, was for $500, was signed "George P. Waxman," was payable to order of "Reynold P. Smith," and was endorsed "Reynold P. Smith." The teller accepted the check and deposit slip and gave defendant $300.

The Lynwood Branch of Bank of America had no account in the name "Georgia P. Smith." The First State Bank of Lynwood had no account in the name of "George P. Waxman" and had made no provision for extending credit to "George P. Waxman." An exemplar of defendant's handwriting was received in evidence. An expert testified the handwriting on the face of the check and the endorsement were written by the same person who wrote the exemplar;

512

and the handwriting on the deposit slip was identical with that on the exemplar.

Defendant testified and denied any knowledge of the check and deposit slip, and denied having presented them to Miss Kowalski.

■ First, defendant asserts the evidence is insufficient to sustain the verdict. The point is without merit. A conviction of forgery is sustained by evidence that in exchange for money defendant gave a check that he drew in another's name on a nonexistent bank account. (*People* v. *Lamb*, 133 Cal. App.2d 179, 180-183 [283 P.2d 727].) ■ The signing of a fictitious name where the instrument has been uttered is sufficient to imply an intent to defraud. (*People* v. *Weitz*, 42 Cal.2d 338, 350 [267 P.2d 295] ; *People* v. *Platt*, 124 Cal. App.2d 123, 134 [268 P.2d 529].)

■ Second, defendant claims he was denied a speedy trial because five days elapsed between his arrest and his arraignment before a magistrate. There is nothing in the record showing the facts stated. No such claim was made in the trial court. The complaint cannot be made for the first time on appeal. (*People* v. *McCrasky*, 194 Cal.App.2d 630, 637 [309 P.2d 115].)

■ Third, defendant claims he was not legally identified because he was "pointed out" to the only witness on whose testimony the implied finding of identity was based. The point is wholly without merit. Miss Kowalski testified positively that defendant was the person who presented the deposit slip and check to her and who received the money.

■ Fourth, defendant asserts the court erred in preventing him from questioning a witness. Defendant was represented by counsel throughout the trial. At one point, while his counsel was examining a witness, he personally directed a remark to the witness. He was silenced and his remarks stricken. Obviously, there was no error.

■ Fifth, defendant claims the court erred in refusing evidence with respect to other checks. The investigating officer was on the stand. On cross-examination he was asked, "Did you make any investigation of some other checks that were signed with the name of R. Smith?" The People's objection was sustained. The ruling was correct. The question was outside the scope of the direct examination, no offer of proof was made, and the purpose of the evidence sought to be elicited was not disclosed.

■ Sixth, defendant contends he was prejudiced by the

conduct of his own counsel in that: he failed to subpoena a key witness; he failed to vigorously pursue the issue of identity; he acquiesced in the court's exclusion of evidence as to other checks; and he referred to him (defendant) as an "ex-convict" in his remarks to the jury. Defendant was represented by a deputy public defender. On cross-examination defendant testified he had been convicted of forgery in 1953 and was still on probation for that offense. Defendant did not in the trial court raise any question with respect to the conduct of his counsel. The point may not be raised for the first time on review. (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743].) We have examined the record and find no basis whatever for defendant's complaint. The deputy public defender defended him conscientiously, vigorously, ably, and adequately. Defendant was accorded a fair and impartial trial and the evidence amply sustains the verdict.

In his brief defendant appeals from an order revoking his probation in the case in which he was convicted of forgery in 1953. Defendant's conviction in the case at bar warranted revocation of the order granting probation in the 1953 case. (*People* v. *Robinson,* 43 Cal.2d 143, 146 [271 P.2d 872] ; *People* v. *Karman,* 145 Cal.App.2d 806 [303 P.2d 74].)

Defendant has filed in this court what he calls "Amendment To Appeal." As we understand it, in this document he claims that if the violation of probation in the 1953 case constitutes the prior felony conviction he was wrongfully convicted on the basis of a prior felony inasmuch as the violation was antecedent to and based on the present case; but if his being on probation justified his being sentenced with a prior conviction, he was illegally sentenced in the 1953 case inasmuch as he had been already sentenced therefor. The contention is specious. In the present case defendant was charged in the information with having been convicted of forgery, a felony, in 1953. He admitted the charge. He was placed on probation in the 1953 case. He stood convicted of a felony at the time he was placed on probation. Assuming his probation in the 1953 case was revoked solely on the basis of his conviction in the present case, the court acted entirely within its discretion in sentencing him to state prison in the 1953 case. (*People* v. *Robinson,* 43 Cal.2d 143, 146 [271 P.2d 872] ; *People* v. *McClean,* 130 Cal.App.2d 439, 445 [279 P.2d 87].)

As we said, defendant appealed from the "judgment

and sentence.'' The judgment in a criminal action is the sentence. (*People* v. *Tokich,* 128 Cal.App.2d 515, 519 [275 P.2d 816].) Affirmance of the judgment carries with it affirmance of the sentence.

The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 6, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1958.