[Crim. No. 3605.   First Dist., Div. Two.   Apr. 21, 1959.]

THE PEOPLE, Respondent, v. EDITH GEORGE,
Appellant.

[Crim. No. 3606.   First Dist., Div. Two.   Apr. 21, 1959.]

THE PEOPLE, Respondent, v. EDITH BLAIR,
Appellant.

Benjamin M. Davis and Lionel Browne for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—Defendant Edith Blair, also known as Edith George, appeals from a judgment rendered on a jury verdict finding her guilty of grand theft from the person of another (Pen. Code, § 487), from the order denying her motion for a new trial and from an order revoking probation. The defendant was sentenced to consecutive terms in the state prison. Four errors are alleged on appeal: (1) insufficiency of the evidence to sustain the verdict and judgment as a matter of law; (2) admission of evidence of another offense committed in 1951 by the defendant; (3) an improper instruction to the jury about the 1951 offense; and (4) the revocation of probation granted in 1952.

The evidence adduced at the trial is as follows: About 2:30 p.m. on March 6, 1958, the complaining witness, Mrs. Murray, was watching a sales demonstration in the Woolworth Store at Market and Powell Streets in San Francisco. She felt a tug on her arm-strap purse and noticed that it was open and her coin purse was missing. The defendant was standing about three steps away from her in the company of Ernest Norman. Mrs. Murray accused the defendant of taking her purse. The defendant denied taking the purse. Mrs. Murray saw a movement between the defendant and Ernest Norman. Mrs. Murray asked Mr. Norman to return her purse. He also denied taking it. The defendant then "kind of waved" the colored scarf she held. Mrs. Murray looked at the floor and saw her coin purse under the defendant's right foot. A man retrieved the purse

and returned it to Mrs. Murray. Inspector Atkinson appeared and arrested the defendant with Ernest Norman.

Edgar Salberg testified that he was also watching the sales demonstration at the time in question. He saw Mrs. Murray's open bag and saw the defendant and Ernest Norman near her. He heard Mrs. Murray's cries about her purse. He saw the coin purse fall along the defendant's leg to the floor and saw the defendant step on it. He retrieved the purse, asked Mrs. Murray if the purse belonged to her, and returned it.

Mr. Howland testified that on the day in question he noticed the two defendants on a Sutter Street bus because of their loud conversation. He left the bus and later went into Woolworth's. While he was watching the demonstration he heard Mrs. Murray cry that someone had stolen her purse. He saw the defendant and Ernest Norman there and saw the purse drop to the floor between the defendant and Ernest Norman. He subsequently heard the defendant deny knowing Mr. Norman or being with him.

Inspector Atkinson testified that the two defendants denied knowing each other. Ernest Norman had two bus transfers and admitted riding the Sutter Street bus. Deloise Teed, an Emporium special police officer, testified that in 1951 she saw the defendant in the basement of the Emporium with another girl. At that time the defendant removed a wallet from a customer's shoulder strap purse, wrapped it in a scarf and gave it to the other girl.

The defendant and Ernest Norman were tried together. No evidence was presented on behalf of either. The jury found Norman not guilty.

It is clear from the above that there is no merit in defendant's argument relating to the sufficiency of the evidence. The rule of reasonable doubt argued by the defendant binds the jury and not an appellate court. ▇ An appellate court can set aside a jury verdict on the grounds of insufficiency of the evidence only if it clearly appears that upon no hypothesis is there substantial evidence to support the conclusion reached by the court below. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

▇ The second allegation of error on appeal relates to the testimony of the witness Teed. It is argued, first, that the court erred in not requiring an offer of proof outside of the presence of the jury and, second, that the testimony

merely showed criminal disposition. The relevant portion of the record on which this argument is based is as follows:

"Q. Now, your name is Deloise Teed (spelling T-e-e-d, and Mrs. Teed, what is your occupation? A. I am a special police officer, Emporium.

"Q. I see. How long have you been employed by the Emporium? A. Approximately 12 years.

"Q. Now, I am going to direct your attention to May 21, 1951. Were you employed as a special police officer in the Emporium at that time? A. Yes.

"Q. Do you recall seeing this defendant, Edith George, who sits in court, on that day?

"MR. DAVIS: I will object. It is irrelevant, immaterial and incompetent. The charges in this information are on March the 6th, 1958, Your Honor, and I don't think there is any relevancy of her seeing the defendant on the date in 1951.

"THE COURT: The jury will be instructed to follow the Court's instructions as to the purpose of this testimony. It is introduced on the theory of scheme and design and the purpose of this testimony and the limited value and the limited consideration you give to it will be covered by the Court's instructions. And furthermore, it will apply only to the defendant Edith George and will not be considered by you in connection with the defendant Ernest Norman.

"MR. DAVIS: Your Honor, I think that the——

"THE COURT: The objection will be overruled for that reason.

"MR. DAVIS: ——the District Attorney should be required to make an offer of proof at this time, outside the presence of the jury, to show what he intends to prove by this witness, in order that defendant George's counsel can make proper objections; especially, in view of the fact that there's seven years' difference in time here. And, two, the offer of proof should show there is sufficient proof to show scheme and device.

"THE COURT: The District Attorney made a statement of what he intends to prove by this witness in his opening statement to the jury.

"MR. DAVIS: But that isn't an offer of proof.

"THE COURT: Well, there is enough before the Court to enable the Court to rule on it.

"MR. GIUBBINI: I would make that offer of proof, which would be substantially what I made in my opening statement.

"The Court: Proceed."

The purpose of an offer of proof is to bring the court's attention to the nature of the proffered evidence so that the issue of admissibility can be determined. (Witkin, California Evidence, § 713.) The court here stated that it had sufficient information to make the ruling. An offer of proof is not necessary where the questions together with colloquies with the trial judge clearly disclose the purpose of the proffered evidence. (*People* v. *McGee*, 31 Cal.2d 229 [187 P.2d 706].)

As to the admissibility of the evidence relating to the 1951 offense, the rule is that while such evidence may not be admitted merely to show criminal disposition, it may be admitted if the proof of one crime tends to prove any fact material in the trial of another. The fact that it may prejudice the defendant in the minds of the jury is no ground for exclusion. (*People* v. *Peete*, 28 Cal.2d 306 [169 P.2d 924].) "The relevance of evidence that proves crimes other than that charged, however, must be examined with care." (*People* v. *Albertson*, 23 Cal.2d 550 at 577 [145 P.2d 7].) Evidence of similar crimes is relevant to show plan, scheme, system, or design or characteristic behavior pattern. (*People* v. *Freytas*, 157 Cal.App.2d 706 [231 P.2d 782]; *People* v. *Cavanaugh*, 44 Cal.2d 252 [282 P.2d 53].) Where, as here, the defendant has pleaded not guilty and thus put in issue all facts relating to the commission of the offense, the evidence of the prior crime of a similar character is of value and admissible in that it tends to show a general plan, scheme or design which is of some direct probative value in proving that the crime of which the defendant is charged was in fact committed by him. (*People* v. *Cassandras*, 83 Cal.App.2d 272 [188 P.2d 546].) The two offenses here in question have three similar elements: in both instances a purse or wallet was removed from the shoulder bag of a customer in a store; the defendant was accompanied by another and used a scarf. In *People* v. *Mims*, 160 Cal.App.2d 589 [325 P.2d 234], a grand theft case very similar to this one, testimony by a store detective that she had seen the defendant reach into women's purses on prior occasions, was held admissible by this court (Division One). There can therefore be no question that the evidence here in question, if not too remote, was admissible.

The defendant argues that the 1951 offense is so remote that the evidence cannot be admitted. The State argues

that the question of remoteness goes to weight rather than admissibility. While this is true, as well as the fact that considerable discretion in this regard must be allowed the trial court, it has been pointed out that "it is obvious that there is a line of reasonableness beyond which the evidence is not admissible. (*People* v. *Burns,* 109 Cal.App.2d 524 at 554 [241 P.2d 308, 242 P.2d 9].) In a number of cases, prior offenses more removed in time than in the instant case have been held not to be too remote. (*People* v. *Grimes,* 113 Cal.App.2d 365 [248 P.2d 130] (10 years) ; *People* v. *Burns, supra,* 109 Cal.App.2d 524 (13 years) ; *People* v. *Peete, supra,* 28 Cal.2d 306 (18 years).) To the contrary is *People* v. *Lapin,* 138 Cal.App.2d 251 [291 P.2d 575], which held, in a prosecution for possession of marijuana, it was error to admit evidence of a misdemeanor conviction for such possession which occurred nine years before. We do not think the line of reasonableness was passed in the present case. The evidence was not so remote in time as to be inadmissible. We conclude, therefore, that it was properly admitted.

The next argument is that the court erred in instructing the jury on the evidence of other crimes. There is no merit in this contention. The instruction carefully pointed out the limited purpose for which the evidence was received and for which it could be considered.

Defendant's final argument is that the court had no jurisdiction to revoke probation on the 1952 offense. The record indicates that on January 15, 1952, defendant was sentenced to imprisonment in the state prison for women for grand theft. This sentence was suspended on the condition that the defendant serve one year in the county jail. Nine months later, on September 16, 1952, the one year term in the county jail was modified to the term served, and the defendant was released from custody. Defendant's argument is based on the erroneous premise that the order of September 16, 1952, ended the court's jurisdiction over the defendant for the prior offense.

It is well established that a court has no power to suspend a sentence except as an incident to granting probation. (Pen. Code, §§ 1203, 1203.1; *People* v. *McGillis,* 166 Cal.App.2d 91 [332 P.2d 706] ; *Oster* v. *Municipal Court,* 45 Cal.2d 134 [287 P.2d 755].) When a court after pronouncing judgment and sentence of imprisonment orders all or part of the sentence suspended, such order is considered to be an informal grant of probation and the equivalent of a

formal order. (*Oster* v. *Municipal Court, supra.*) ▮ As the order does not specify the duration of the period of probation, under section 1203.1 of the Penal Code, the maximum period of probation cannot exceed the maximum time for which sentence of imprisonment might be pronounced. (*People* v. *Sheeley*, 159 Cal.App.2d 578 [324 P.2d 65] ; *People* v. *Municipal Court*, 145 Cal.App.2d 767 [303 P.2d 375].) In the case of grand theft the maximum punishment is 10 years. (Pen. Code, § 489.) Therefore, defendant's probation was revoked within the period permitted by the statutes. In revoking probation in the 1952 case on the basis of the present case, and sentencing the defendant to the state prison for the 1952 case, the court acted entirely within its discretion. (*People* v. *Smith*, 164 Cal.App.2d 510 [330 P.2d 678] ; *People* v. *Goldberg*, 152 Cal.App.2d 562 [314 P.2d 151] ; *People* v. *Lopez*, 151 Cal.App.2d 121 [311 P.2d 11].)

In view of the foregoing, the judgment of conviction, order denying a new trial, and order revoking probation are affirmed.

Judgment and orders affirmed.

Dooling, J., and Draper, J., concurred.