[Crim. No. 4022.   First Dist., Div. Two.   Dec. 12, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HARRY H. HAWKINS, Defendant and Appellant.

Harry H. Hawkins, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Keith E. Pugh, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—Defendant, Harry H. Hawkins, appeals in propria persona from a judgment of conviction entered on a jury verdict finding him guilty of the possession of marijuana, in violation of section 11530 of the Health and Safety Code, and the sale of marijuana, in violation of section 11531 of the Health and Safety Code. While defendant does not challenge the sufficiency of the evidence to sustain the verdict, he contends that: (1) he was induced to make the sale by a police informer and, therefore, entrapped; (2) the evidence used to convict him was obtained by an unlawful search and seizure. There is no merit in either of these contentions.

Viewing the record in the light most favorable to the People, as we are bound to do following a guilty verdict (*People* v. *Caritativo*, 46 Cal.2d 68, 70 [292 P.2d 513]), it appears that on January 7, 1961, several police officers of the Narcotics Detail of the San Francisco Police Department, met with an informer named Williams, equipped him with a radio transmitter, strip-searched him, and provided him with $50 in currency, which was marked and dusted with fluorescent powder. The serial numbers of the bills were also recorded. Williams, followed by the officers in another car, drove to 1025 Steiner Street and entered an apartment building. The officers listened to the transmitter and heard Williams ask for "Henry" and then enter an apartment. Further conversation was drowned out by loud music. Fifteen minutes later, Williams reappeared without the $50 and a paper bag containing marijuana.

Immediately thereafter, the officers entered the building and;

went to apartment number 5. They knocked on the door. The codefendant, George Eckert, answered the door. The officers identified themselves and the purpose of their investigation. They entered the room in which a hi-fi set was playing. The appellant and a man named Sescher who had entered the apartment a few seconds before the officers, were present. When Officer Fogarty asked the appellant his name and began to search him, the appellant voluntarily emptied his pockets which contained $85 in currency, $50 of which was the marked currency which had been previously given to Williams. Officer Fogarty arrested the appellant for the sale of narcotics while the others searched the apartment which consisted of a living room, walk-in closet and a small kitchen.

In the closet, the officers found a raincoat with dregs and shreds of marijuana in the pockets, and a locked suitcase. Appellant identified the raincoat as his. Sescher indicated that the suitcase was his and contained photographic equipment but that the key was lost. When the officers attempted to open the suitcase by force, the appellant stopped them and obtained a key from the closet. He opened the suitcase which contained bulk marijuana and 43 marijuana cigarettes. Appellant then indicated that the suitcase was his. Appellant and Eckert were taken to the Hall of Justice and booked. Tests indicated fluorescent powder on the appellant's hands and pants pocket.

Appellant's entrapment argument is based entirely on his testimony which was that Williams began asking him to obtain some narcotics in May 1960, and continued to pester him. Appellant first refused because he had already spent 10 or 11 years in prisons for various narcotics convictions, but after constant harassment from Williams, yielded; on January 5, 1961, appellant told Williams he would try to get him some marijuana to sell so that Williams could cover his bad checks; he contacted his source on the morning of January 7 and obtained a quantity of marijuana. Appellant also testified that the police officers had broken down the door of the apartment which he shared with Eckert and denied that the marijuana in the suitcase was his or that he knew of its presence.

Entrapment is an affirmative defense imposing upon the accused the burden of proving that he was unlawfully induced to commit the crime for which he was charged (*People v. Terry*, 44 Cal.2d 371 [282 P.2d 19]), and must be raised in the trial court by an offer of the instruction on the subject,

or otherwise, it cannot be raised for the first time on appeal (*People* v. *Valdez,* 188 Cal.App.2d 750 [10 Cal.Rptr. 664]; *People* v. *Branch,* 119 Cal.App.2d 490 [260 P.2d 27]). The record does not indicate that the matter was ever raised below. Even if the matter had been properly raised below, appellant's testimony at most indicates a conflict in the evidence. ▮ The existence of entrapment is a question solely for the trier of fact (*People* v. *Gutierrez,* 128 Cal.App.2d 387 [275 P.2d 65]). ▮ Where the record shows a conflict in the evidence, the judgment will not be reversed (*People* v. *Braddock,* 41 Cal.2d 794, 803 [264 P.2d 521]).

Appellant further argues that he was entrapped as a matter of law. ▮ However, entrapment as a matter of law exists only if the criminal intent to commit the crime originated in the mind of the police so that the accused was induced to commit a crime he would not otherwise have committed. (*People* v. *Sweeney,* 55 Cal.2d 27 [9 Cal.Rptr. 793, 357 P.2d 1049]). Appellant's own testimony here refutes such a consideration as he testified he agreed to sell narcotics to Williams to end the harassment. ▮ Where an accused has a pre-existing criminal intent, the fact that when solicited by a decoy he committed a crime, raises no inference of unlawful entrapment (*People* v. *Braddock, supra*).

▮ Appellant next argues that the evidence used to convict him was obtained by an unlawful search and seizure as the arresting officers did not have a search warrant. There is no merit to this argument as the search was made incident to a lawful arrest. Applying the rules relating to a lawful arrest and search attendant thereto, recently summarized in *People* v. *Scott,* 170 Cal.App.2d 446, 449-452 [339 P.2d 162], to the instant case, there is no question that the arrest was lawful. The record indicates that the officers entered the apartment on the basis of information supplied by Williams, and with the consent of the occupants, and made the arrest after determining that the appellant possessed the marked money. ▮ There is also no indication that the search was unreasonable as the search was limited to the immediate area under the control of the person arrested (*People* v. *Scott, supra*).

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 6, 1963.