[Crim. No. 4140. First Dist., Div. Three. Jan. 24, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. CLEVELAND ZEIGLER, Defendant and Appellant.

John F. Hanson, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and John S. McInerny, Deputy Attorney General, for Plaintiff and Respondent.

DEVINE, J.— An undercover agent for the Bureau of Narcotic Enforcement, while walking the streets in Pittsburg, California, in the company of a man from whom he had made narcotics purchases, but who did not know him to be an agent, met appellant at about midnight. The other man asked appellant, in the parlance of narcotics users, if he had any marijuana. Appellant replied "no" but to see him

later. When they met appellant a second time, the other man asked appellant if he had "done any good." Appellant nodded in the affirmative and said to follow him. The three then walked into an alley where appellant gave the third person a marijuana cigarette in return for a dollar. Appellant was arrested a month later.

Appellant denied commission of the offense with which he was charged, namely, sale of marijuana.

The sole contention of appellant is that the trial court erred in not instructing, on its own motion, on the issue of entrapment. Appellant did not request any instruction on entrapment. There was no evidence that appellant was persuaded or allured into committing an offense which he would not otherwise have committed. Therefore, there was no entrapment. (*People* v. *Lindsey*, 91 Cal.App.2d 914, 916 [205 P.2d 1114].) The use of a friend of the accused as decoy is not enough to establish entrapment where the decoy merely contacted the defendant to arrange the sale. (*People* v. *Rivers*, 188 Cal.App.2d 189, 193 [10 Cal.Rptr. 309].)

It is not the duty of the court to instruct on the issue of entrapment on its own motion where the evidence does not suggest the defense and where the defendant denies the act with which he is charged. (*People* v. *Rivers, supra.*)

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.