[*Crim. No. 8626.    Second Dist., Div. Two.    Aug. 19, 1963.*]

THE PEOPLE, Plaintiff and Respondent, v. ANTHONY FRANCIS ZURICA, Defendant and Appellant.

Anthony Francis Zurica, in pro.per., and Howard Meyerson for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was convicted of grand theft (Pen. Code, § 487, subd. 1).  He has appealed from the judgment. This is a shoplifting case that took place at the Sears store

in El Monte on March 9, 1962. At approximately 8:45 p.m., Mrs. Bernhardt, a special agent for security at Sears, and Mrs. Taylor, a security trainee, observed defendant in the men's suit department, which was located near the store entrance. They saw him reach up into the higher rack of men's suits with both hands and grasp hold of five or six suits. He separated these suits somewhat from the others. He did not take them off the rack for at that moment a clerk came around that particular row of suits, and defendant dropped his hands. A young man was leaning on a counter in back of defendant. He was only 3 or 4 feet away. Defendant nodded to him and then nodded toward the suits. Nothing was said. Both walked away.

A few minutes later Mrs. Bernhardt observed the two men at another suit rack. Defendant reached into a lower rack of suits and grasped hold of a number of suits and dropped them into a corrugated carton on the floor next to the rack. The young man with defendant also reached into the rack and took a number of suits and dropped them in the carton. He then picked up the box, put it on his shoulder, and left by the nearest door. Mrs. Bernhardt told her assistant to put in a call to the store operator for Officer Quillen to join her. She hurried out of the store in pursuit of the young man carrying the carton of suits. Officer Quillen joined her as she was crossing the parking lot, and took over the chase. As the officer ran after the young man, he dropped the box of suits, kicked off his shoes and ran. The officer, however, caught him.

Mrs. Bernhardt returned to the store. She saw defendant leaving the store with a woman and little girl she had seen in the store. She attempted to arrest defendant because he was involved in the theft of the suits. Defendant denied being involved. He claimed he had been shopping with his wife, the woman he was with, and became belligerent, using profane language and threatening Mrs. Bernhardt. At that point Officer Quillen returned with the young man in handcuffs, and proceeded to place defendant under arrest. A struggle ensued between defendant and the woman with him and Officer Quillen and Mrs. Bernhardt. Defendant was finally subdued and handcuffed. In the meantime the young man whom Officer Quillen had arrested and brought back in handcuffs escaped.

The cardboard box containing the suits was recovered. The outside of the box indicated that it had originally contained acoustical tile, a brand not sold by Sears. Eight suits and hangers were in the box, worth $429.90 at retail.

In addition to the foregoing evidence, Officer Slagle of the Los Angeles Police Department testified that on June 28, 1961, he was a security officer at Sears in Hollywood; that on that date defendant was seen in the men's suit department placing suits in a cardboard carton without permission and without buying the suits. The officer tried to apprehend defendant; he dropped the box and ran. After a chase the officer caught defendant and arrested him. Eight suits valued at $449.49 were taken. On being arrested defendant admitted the theft and stated he had more stolen suits in his apartment. He pleaded guilty to grand theft.

Defendant denied having anything whatever to do with the theft of the suits at the El Monte store.

Defendant's sole basis for reversal is that the court erroneously admitted evidence of his prior theft.

The general rule is that evidence of other crimes is not admissible. There are, however, certain exceptions to this general rule. In *People* v. *Albertson*, 23 Cal.2d 550 [145 P.2d 7], the court stated at page 576: "Evidence of other crimes may be admitted when it tends directly to establish the crime charged by proving a material fact, where it is part of the res gestae, or where it helps to disclose motive, intent, premeditation, guilty knowledge, malice, or a *common plan or scheme....*" (Italics added.) Numerous cases have applied this principle. (See, e.g. *People* v. *Peete*, 28 Cal.2d 306 [169 P.2d 924]; *People* v. *George*, 169 Cal.App.2d 740 [338 P.2d 240]; and *People* v. *Aquilante*, 208 Cal.App.2d 530 [25 Cal.Rptr. 344].) The fact that such evidence may prejudice the defendant in the minds of the jury is no ground for its exclusion. (*People* v. *Freytas*, 157 Cal.App.2d 706, 718 [321 P.2d 782].) In the *George* case defendant was convicted of grand theft. It occurred in 1958 in a department store when defendant removed a coin purse from the victim's armstrap purse. There was another person accompanying defendant and defendant was holding a scarf in her hand. Evidence was offered and received that in 1951 defendant was seen in a store removing a wallet from a woman's shoulder purse, wrapping it in a scarf and passing it on to an accomplice. The court held this evidence admissible as tending to show " . . . a general plan, scheme or design which is of some direct probative value in proving that the crime of which the defendant is charged was in fact committed by him. [Citation.] The two offenses here in question have three similar elements: in both instances a purse or wallet was removed from the shoul-

der bag of a customer in a store; the defendant was accompanied by another and used a scarf." (*People* v. *George, supra,* p. 745.) ██ In the instant case the offense for which defendant was convicted and the evidence of the prior crime which was received against him had these elements in common: in both instances men's suits were removed from racks in a Sears store and dropped in a cardboard box lying on the floor. The only difference in the cases is the fact that an accomplice was used in the instant case to remove the box from the store whereas defendant removed it himself in the earlier case. The similarity of the *modus operandi* in the two cases was sufficient to justify admission of the evidence relative to the prior theft.

██ There is no merit at all in defendant's suggestion that the prior offense was too remote to be admissible. It will be recalled that the prior offense took place approximately nine months prior to the one here under consideration. In a number of cases, prior offenses more remote in time than in the instant case have been held not to be too remote. (*People* v. *Grimes,* 113 Cal.App.2d 365 [248 P.2d 130] (10 years); *People* v. *Burns,* 109 Cal.App.2d 524 [241 P.2d 308, 242 P.2d 9] (13 years); *People* v. *Peete, supra* (18 years); *People* v. *George, supra* (seven years).)

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 16, 1963.