[Crim. No. 14004.  Second Dist., Div. One.  Jan. 30, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD MILTON WOOLWINE, Defendant and Appellant.

Ben Plat, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Warren H. Deering, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Pearl Dennis and defendant were charged with selling marijuana (§ 11531, Health & Saf. Code); the information also alleged that defendant had suffered four prior felony convictions. The cause was submitted to the trial judge on the transcript of the testimony taken at the preliminary hearing. Defendant was convicted of possession of marijuana (§ 11530, Health & Saf. Code), a lesser but necessarily included offense; Pearl was acquitted. While defendant denied the priors, the record fails to show that the trial judge made any finding thereon. Defendant appeals from the judgment and sentence.

David Baker was asked by Officer Garifo to purchase some narcotics in Fran's Tavern. Around 10:30 p.m. on March 3, 1967, Baker entered the tavern where defendant and Pearl were seated at the bar; he had seen them on previous occasions. He approached defendant and discussed buying marijuana cigarettes; they then proceeded to the washroom where they continued their conversation. Returning to the bar, they sat down and defendant handed Baker three marijuana cigarettes for which he received $1.00 from Baker. One of the marijuana cigarettes defendant took from a "pack" he had on his person; Baker did not observe from where he got the other two.

In the course of a narcotic investigation, Officers Garifo and Taylor went to Fran's Tavern around 8:30 p.m. on March 3, 1967. Pearl was behind the bar; defendant entered around 10 p.m., and at 10:30 Baker came in. The officers talked with Baker about a purchase of narcotics; Officer Garifo told him he wanted him to buy narcotics for him. Pearl and defendant were seated at, and had their backs to, the bar; three or four stools away sat the officers watching Baker's activities. Officer Garifo had Baker and defendant constantly in his view; once he followed them to the washroom where they discussed marijuana. When they returned to the bar Pearl opened her purse, took out two marijuana cigarettes and handed them to defendant; defendant took one marijuana cigarette from his shirt pocket, then handed all three to Baker; Baker gave defendant a dollar bill which Pearl put in her purse. Baker walked over to Officer Garifo and handed him the three marijuana cigarettes for which he gave him a dollar. Baker intro-

duced the officer to defendant and left the bar; the officer asked defendant if he had any more of "that stuff" but defendant said he did not usually sell marijuana, didn't know him and didn't feel that he could sell him any. Finally defendant told him that if he followed him to Venice he would sell him a "can" and he would show him where to sit and wait. As they left the bar the officers arrested Pearl and defendant.

Fran Crow operates the tavern and employed Pearl as a barmaid; she was acquainted with defendant whom she knew as "Ed." Mrs. Crow was working behind the bar and saw Pearl and defendant seated at the bar talking to each other, Officer Garifo seated one or two stools away, and Baker, the officer and defendant go to the washroom and return to the bar. Defendant, Baker and Pearl then engaged in a conversation; Pearl took two cigarettes out of her purse and handed them to defendant; defendant had one cigarette in his hand and with the two given to him by Pearl, handed three cigarettes to Baker for which Baker gave him some money.

Appellant contends that "There was conflicting testimony, sufficient to create reasonable doubt in determining whether the judgment should be sustained." ▮ It is the trier of fact and not this court that must be convinced of defendant's guilt beyond a reasonable doubt. (*People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) ▮ At this stage the test is not whether the evidence may be reconciled with innocence but whether there is substantial evidence in the record on appeal to warrant the inference of guilt drawn by the trier below. (*People* v. *Hillery,* 62 Cal.2d 692, 702-703 [44 Cal.Rptr. 30, 401 P.2d 382] ; *People* v. *Saterfield,* 65 Cal. 2d 752, 759 [56 Cal.Rptr. 338, 423 P.2d 266] ; *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086] ; *People* v. *Love,* 53 Cal.2d 843, 850-851 [3 Cal. Rptr. 665, 350 P.2d 705] ; *People* v. *Newland,* 15 Cal.2d 678, 680-683 [104 P.2d 788].)

Our attention is directed to several factual conflicts relating to how Pearl and defendant were seated (the officer testified they had their backs to the bar while Mrs. Crow said they did not), the request to buy narcotics (Baker testified the officer asked him to buy marijuana while Officer Garifo said he did not ask him to make a purchase but discussed the idea and told him he wanted him to do so) and whether the officer was in the washroom (Officer Garifo testified he followed Baker and defendant to the washroom while Baker said he was never

in the washroom when both the officer and defendant were present). ■ It is not our function to reweigh the evidence, resolve conflicts or reappraise the credibility of witnesses. (*People* v. *De Paula*, 43 Cal.2d 643, 649 [276 P.2d 600]; *People* v. *Jones*, 36 Cal.2d 373, 375 [224 P.2d 353].) ''Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.'' (*People* v. *Lyons*, 47 Cal.2d 311, 320 [303 P.2d 329]; *People* v. *Perez*, 65 Cal.2d 709, 712 [56 Cal.Rptr. 312, 423 P.2d 240]; *People* v. *White*, 43 Cal.2d 740, 747-748 [278 P.2d 9].) Any incompatibility or discrepancies in the testimony were considered by the trial judge whose finding was resolved to give credence to the testimony of the prosecution witnesses, and it is binding upon this court. (*People* v. *Crooker*, 47 Cal.2d 348, 352 [303 P.2d 753]; *People* v. *Mehaffey*, 32 Cal.2d 535, 548 [197 P.2d 12].) Moreover, defendant was charged with sale, but was convicted of possession, a lesser offense, and there is no factual conflict relative to defendant's possession of the narcotic.

Appellant offered no defense before the committing magistrate or in the trial court but for the first time on this appeal raises the issue of entrapment, contending that Baker was used by Officer Garifo to induce him to commit the crime of which he was convicted.

■ '' '[E]ntrapment ''is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial'' [citations].' (*People* v. *Braddock*, 41 Cal.2d 794, 803 [264 P.2d 521].)'' (*People* v. *Terry*, 44 Cal.2d 371, 372 [282 P.2d 19].) The defense must be raised in the trial court; it cannot be raised for the first time on appeal. (*People* v. *Hawkins*, 210 Cal.App. 2d 669, 672 [27 Cal.Rptr. 144].)

■ The record supports no finding of entrapment. ''Entrapment as a matter of law is not established where there is any substantial evidence in the record from which it may be inferred that the criminal intent to commit the particular offense originated in the mind of the accused.'' (*People* v. *Terry*, 44 Cal.2d 371, 372-373 [282 P.2d 19]; *People* v. *Sweeney*, 55 Cal.2d 27, 49 [9 Cal.Rptr. 793, 357 P.2d 1049].) The evidence demonstrates that the criminal design originated in the mind of defendant not in the mind of Baker or the police officer, and that defendant was not induced to commit a

crime which he would not otherwise have committed. (*People* v. *Makovsky,* 3 Cal.2d 366, 369 [44 P.2d 536].) There is no suggestion of fraud, undue persuasion, pressure or appeal to friendship exerted upon defendant. Under the circumstances, the fact that defendant was solicited by Baker raises no inference of unlawful entrapment. (*People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521]; *People* v. *Sweeney,* 55 Cal.2d 27, 49 [9 Cal.Rptr. 793, 357 P.2d 1049]; *People* v. *Benford,* 53 Cal. 2d 1, 10 [345 P.2d 928]; *People* v. *Roberts,* 40 Cal.2d 483, 489 [254 P.2d 501].) At the officer's request Baker entered the tavern to buy narcotics; there he saw defendant and Pearl whom he had seen on previous occasions (there appears to have been no friendship between Baker and defendant); he approached defendant, engaged him in a conversation concerning a purchase of marijuana and asked him if he had the cigarettes; after continuing the conversation in the washroom and returning to the bar, defendant handed Baker three marijuana cigarettes. It is uncontradicted that one of the marijuana cigarettes came from the person of defendant, the others from Pearl's purse; and it is a fair conclusion that defendant had at least the one marijuana cigarette on his person when he entered the tavern before Baker ever approached him. Defendant had possession of the narcotic entirely independent of any conduct on the part of Baker or the officer, and there is no evidence that either one of them was in any way connected with defendant's possession of the one cigarette or induced him to bring the narcotic into the tavern. It was the possession of marijuana of which defendant was convicted, although clearly the evidence warranted his conviction of sale.

As in *People* v. *Barone,* 250 Cal.App.2d 776, 782 [58 Cal.Rptr. 783], there is no indication that defendant did not have a pre-existing intention to sell the marijuana cigarette if someone wanted to buy it; to the contrary, the evidence demonstrates that while seated at the bar defendant not only had on him one cigarette in a condition for sale, but two readily available to him. The officers, through Baker, did no more than furnish defendant, a willing seller, an opportunity to sell the cigarette he had on his person and two which, without hesitation, he obtained from Pearl; this constitutes no defense. (*People* v. *Neal,* 120 Cal.App.2d 329, 332 [261 P.2d 13]; *People* v. *Caudillo,* 138 Cal.App.2d 183, 186 [291 P.2d 191]; *People* v. *Zeigler,* 212 Cal.App.2d 305, 306 [27 Cal.Rptr. 865]; *People* v. *Barone,* 250 Cal.App.2d 776, 781-782 [58

Cal.Rptr. 783].) " 'If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment.' " (*People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521]; *People* v. *Harris,* 213 Cal.App.2d 365, 369 [28 Cal.Rptr. 766].) Here there was nothing more than the ordinary conversation that would take place between a willing buyer and a willing seller.

■ "The judgment in a criminal action is the sentence. (*People* v. *Tokich,* 128 Cal.App.2d 515, 519 [275 P.2d 816].) Affirmance of the judgment carries with it affirmance of the sentence." (*People* v. *Smith,* 164 Cal.App.2d 510, 514 [330 P.2d 678].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.